SO ORDERED.

DONE and SIGNED December 14, 2022.



_____
JOHN S. HODGE
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case Number: 19-31559 |
| § | | |
| LeTricia D. Rhodes § | | Chapter 7 |
|   Debtor § | | |
| § | | |
| _____ § | | |
| LeTricia D. Rhodes § | | |
|   Plaintiff § | | Adversary Proceeding |
| § | | |
| vs. § | | Case No. 22AP-03010 |
| § | | |
| Pecanland Village Shopping Center LLC § | | |
|   Defendant § | | |

## Memorandum Ruling

The issue in this case is whether a judgment creditor who holds a pre-petition community claim against a non-debtor spouse can avoid a transfer of community property listed and exempted in the debtor's bankruptcy case. The complaint seeks to enjoin the creditor from pursing a state court lawsuit to avoid the transfer. It also seeks recovery of attorneys' fees and the dismissal of the state court lawsuit.

The defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The defendant argues that it has a right to pursue its state court avoidance lawsuit because the discharge injunction, 11 U.S.C. § 524(a)(3), protects community property acquired *after*, but not before, the filing of the bankruptcy case. The creditor also contends that this court lacks the authority to dismiss the state court lawsuit.

The court concludes that the complaint states a plausible claim for relief. Property exempted during the bankruptcy case "is not liable *during or after the case*" for pre-petition debts. 11 U.S.C. § 522(c) (emphasis added). In addition, 11 U.S.C. § 524(a)(3) enjoins post-discharge proceedings for pre-petition claims against community property acquired after the filing of a bankruptcy case. These sections protect the community property at issue from pre-petition community creditors.

The court, however, agrees with the defendant that it lacks the authority to dismiss the state court avoidance action. Therefore, the court will grant, in part, the motion to dismiss as to that issue. In all other respects, the motion to dismiss will be denied.

**The Allegations**

The relevant facts for purposes of assessing the motion to dismiss are found in the Complaint (Doc. 1).

On September 24, 2019, LeTricia D. Rhodes ("**Debtor**" or "**Plaintiff**") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. ¶ 1. Only one spouse filed the bankruptcy case. Debtor's husband, Tommy Rhodes, did not join the

bankruptcy case or file his own bankruptcy case. During their marriage, Debtor and her husband acquired community property, including their family home. ¶¶ 4, 6.

After the bankruptcy case was closed, Pecanland Village Shopping Center LLC ("**Defendant**") obtained a judgment against the non-debtor spouse for a pre-petition community claim arising from the breach of a shopping mall lease. ¶ 5. Debtor's bankruptcy schedules listed Defendant as a creditor. ¶ 2. Debtor received a discharge of all debts, including the debt owed to Defendant for the breach of the shopping mall lease. ¶¶ 4, 5.

On the eve of the entry of the judgment against the non-debtor spouse, he transferred his one-half interest in the family residence to Debtor. ¶ 6. Thereafter, Defendant filed a revocatory action[1] in a Louisiana state court against Debtor and her husband to set aside the transfer because it caused or increased the insolvency of the non-debtor spouse. ¶ 11.

Debtor reopened her bankruptcy case and filed an adversary complaint in this court to enjoin Defendant from revoking the transfer of property. The complaint asserts that the revocatory action filed against Debtor constitutes "harassment." ¶ 9. The complaint also asserts that the revocatory action violates 11 U.S.C. § 524(a)(3) which operates as a post-discharge injunction to prevent pre-petition claims against community property acquired after the filing of a bankruptcy case. ¶ 12.

The complaint seeks a judgment against Defendant declaring that the

---

[1] In Louisiana, a revocatory action "is the civil law analogue to the common law suit to set aside a fraudulent conveyance." La. Civil Code art. 2036, Revision Comment (c).

community property is not liable for any pre-petition community claims. It also seeks a judgment "terminating" and "dismissing" the revocatory action as well as attorneys' fees. ¶ 10.

**Judicially Noticed Facts**

In addition to facts alleged in the complaint, the court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996); *see* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding."). As the Fifth Circuit noted, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust* 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *see also Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

In this case, the court takes judicial notice of facts not expressly alleged in the complaint. First, the court notes that Debtor listed her family home, the property at issue, as an asset in her bankruptcy case. Second, Debtor claimed a $35,000.00 exemption in her bankruptcy case for the family home. Finally, a mortgage encumbered the property at the time of filing the bankruptcy case. The secured interests and the value of Debtor's exemption exceeded the value of the property (i.e., there was no equity in the property). These facts are matters of public record. *See* Case No. 19-31559, Doc. 1, Official Forms 106A/B § 1.1 (listing home as an asset), 106C § 2 (claiming home as exempt) and 106D § 2.1 (listing amount owed to secured creditor and the value of the collateral).

## Conclusions of Law and Analysis

### A. <u>Jurisdiction</u>

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and by virtue of the reference by the district court pursuant to 28 U.S.C. § 157(a) and LR 83.4.1. Venue is proper in this district. 28 U.S.C. §§ 1408 and 1409(a). This matter constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (O).

### B. <u>Rule 12(b)(6) Standards</u>

Defendant seeks to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021). However, the court "will not strain to find inferences favorable to the plaintiff." *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.,* 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).

To avoid dismissal for failure to state a claim, a plaintiff must meet Federal Rule of Civil Procedure 8(a)(2)'s pleading requirements. Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In *Ashcroft v. Iqbal,* the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Rule 8(a)(2)). "Only a complaint that states a

plausible claim for relief survives a motion to dismiss." *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "[A] complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009) (internal quotation marks removed).

C. **The Complaint Plausibly Alleges a Claim for Relief**

The complaint provides an imperfect statement of the legal theory supporting Plaintiff's claim. Although it alleges that the family home is protected from Defendant's actions, it specifies Section 524(a)(3) of the Bankruptcy Code as the sole statutory basis for barring pre-petition claims against community property. In the court's view, the complaint should have also cited Section 522(c) which bars pre-petition claims against exempted property acquired before the filing of a bankruptcy case.

The Supreme Court made clear that a court should not dismiss a complaint for specifying an incorrect legal theory. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11, 135 S. Ct. 346, 346, 190 L.Ed.2d 309 (2014) (per curiam) ("[f]ederal pleading rules ... do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted."). Accordingly, the court must determine whether the complaint plausibly alleges that the community property at issue is protected from pre-petition community creditors, regardless of whether it

specified the applicable statutes.

In determining the plausibility of the complaint's allegations, the court starts with an examination of the Bankruptcy Code's definition of property of the estate. The Code provides that the commencement of a bankruptcy case creates an estate comprised of, among other things, "all interests of the debtor *and the debtor's spouse* in community property as of the commencement of the case that is under sole, equal, or joint management control of the debtor." 11 U.S.C. § 541(a)(2) (emphasis added).

In this case, Debtor's estate included her interest and her husband's interest in their family home, a community asset. The entry of the home into the bankruptcy estate gave Debtor the exclusive right to claim the home as exempt. 11 U.S.C. § 522(b). Once property is exempt, it "is not liable *during or after the case*" for pre-petition debts. 11 U.S.C. § 522(c) (emphasis added).

Section 522(c) conferred a protected status on Debtor's family home because she exempted it during her bankruptcy case. Due to the home's protected status, Defendant has no right to contest the transfer of the fully exempted property from one spouse to the other.

In addition, the Bankruptcy Code contains a special provision commonly known as the "community property discharge injunction," 11 U.S.C. § 524(a)(3). That section provides that the discharge injunction protects not only the community property interests of the debtor but also those of the non-debtor spouse arising after commencement of a debtor's bankruptcy case.

Section 524(a)(3) of the Bankruptcy Code provides:

(a) A discharge in a case under this title—
  ...
  (3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title [community property of the estate] *that is acquired after the commencement of the case*, *on account of any allowable community claim*, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1) of this title, or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

11 U.S.C. § 524(a)(3) (emphasis added).

By its terms, Section 524(a)(3) applies solely to "community claims" which the Bankruptcy Code defines as a "claim that arose *before* commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of this title is liable, whether or not there is any such property at the time of the commencement of the case." 11 U.S.C. § 101(7) (emphasis added). Here, the complaint alleges that Defendant's claim is a "community claim" because the breach of the shopping mall lease occurred prior to Debtor's bankruptcy case. The complaint also alleges that Debtor provided notice to Defendant of the commencement of her case, as required by 11 U.S.C. § 342(a) (all holders of community claims are entitled to notice).

Defendant argues that Section 524(a)(3) does not apply in this case because the family home was acquired *before* Debtor filed her bankruptcy case. Defendant correctly notes that the discharge injunction covers after-acquired community

property. The statute makes no mention of community property owned before the bankruptcy filing.

The court concludes that the entire value of the community property is protected from pre-petition community creditors. The exempt portion ($35,000.00) cannot be reached after bankruptcy because Section 522(c) expressly prohibits it. Additionally, the home's increased value after the bankruptcy filing – due to market conditions or a reduction in the outstanding mortgage balance – could be considered after-acquired community property protected by the discharge under Section 524(a)(3). Thus, under all scenarios, Debtor's family home is protected from pre-petition community creditors under Sections 522(c) and 524(a)(3). *See In re Schmiedel*, 236 B.R. 393, 398 (Bankr. E.D. Wis. 1999) ("The discharge injunction covers after-acquired community property, but the statute makes no mention of community property that was owned before the bankruptcy and passes through the bankruptcy estate as exempt property.... Any nonexempt community property would be liquidated and distributed, and all that passes out of the estate is exempt community property. *Exempt property, with exceptions not applicable here, is not available for recovery for discharged debts*. 11 U.S.C. § 522(c).") (emphasis added).

## Conclusion

The facts offered in the complaint, along with the judicially noticed facts, are adequate to plead the community property at issue is protected from all actions taken by Defendant against Debtor. The court, however, agrees with Defendant

that it lacks the authority to dismiss the state court avoidance action. Therefore, the court will grant, in part, the motion to dismiss as to that issue. In all other respects, the motion to dismiss will be denied.

The court will enter a separate order in accordance with this ruling.

###